The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5450 SANDPOINT WAY N.E., LLC,

　　　Plaintiff,

v.

EXXONMOBIL OIL CORPORATION,

　　　Defendant.

NO. 23-cv-1244-BJR

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS**

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff 5450 Sandpoint Way N.E., LLC's motion for an award of attorneys' fees and costs under Washington's Model Toxics Control Act ("MTCA"), RCW 70A.305.080. Dkt. 69. Plaintiff requests $1,159,641.21 in attorneys' fees, expert fees, and litigation costs. Defendant ExxonMobil Oil Corporation ("Exxon") opposes the amount requested and argues that any award should be substantially reduced to reflect Plaintiff's limited success at trial, the scope of the relief obtained, and the reasonableness of the hours and costs claimed. Dkt. 72. Having considered the parties' briefing, the declarations and exhibits submitted in support of and in opposition to the motion, the March 31, 2026 Memorandum Order

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 1

of Findings of Fact and Conclusions of Law, Dkt. 67, and the applicable law, the Court grants the motion in part and denies it in part.

## II.    BACKGROUND

Plaintiff is a Washington limited liability corporation with its principal place of business in Seattle, Washington. It is the current owner of a gasoline service station located at 5450 Sand Point Way N.E. in Seattle, Washington ("the Property"). Plaintiff brought a private action against Exxon under MTCA and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, relating to petroleum contamination on the Property. Dkt. No. 1 at ¶ 1. Following a four day bench trial, this Court concluded that Plaintiff had incurred recoverable remedial action costs under MTCA and allocated those past costs equally between Plaintiff and Exxon. Dkt. 67. Plaintiff had sought to allocate 82% of its past remedial action costs to Exxon, but the Court determined that an equal allocation was appropriate on the record presented. The Court entered judgment in Plaintiff's favor in the amount of $166,316.30, representing 50% of Plaintiff's past remedial action costs.

The Court also concluded that while declaratory relief was appropriate as to Exxon's liability for future remedial action costs incurred on the Property in compliance with MTCA, it was impossible to allocate the amount of those costs because the record was devoid of any information necessary to make a reasoned allocation. For example, to date, no feasibility study has been completed, no cleanup action plan has been developed, and Washington State's Department of Ecology ("Ecology") has not been consulted regarding the same. As such, the Court lacked reliable evidence of what cleanup Ecology or the Washington State Pollution Liability Insurance Agency ("PLIA") may ultimately require.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 2

Dkt. 67. The Court further found that the full extent of contamination had not yet been delineated, including the lateral and vertical boundaries of impacts and the potential for off-site migration. *Id*. The Court therefore deferred allocation of future remedial action costs pending further development of the record, including completion of the remedial investigation, preparation of a feasibility study, engagement with Ecology, and development of a cleanup action plan. *Id*. The Court also concluded that Plaintiff was the prevailing party under RCW 70A.305.080 and was entitled to recover reasonable attorneys' fees and costs, "subject to appropriate adjustment to reflect the extent of its success." *Id*. at 33.

### III.     LEGAL STANDARD

MTCA authorizes a prevailing party in a private cost-recovery action to recover reasonable attorneys' fees and costs. RCW 70A.305.080. Washington courts apply the lodestar method to determine the amount of a reasonable fee award. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (1983); *Taliesen Corp. v. Razore Land Co.*, 135 Wn. App. 106, 144 (2006). Under that method, the court determines a reasonable hourly rate, multiplies that rate by the number of hours reasonably expended, and then considers whether the resulting lodestar should be adjusted. *Bowers*, 100 Wn.2d at 597.

In determining reasonableness, the court may reduce hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time. *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 292 (1998) (citing *Bowers*, 100 Wn.2d at 597). The court is not required to perform an hour-by-hour audit of counsel's billing records, but it must make an independent determination of what amount is reasonable. *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 744 (1987). The degree of success obtained is also relevant. *Douglass v. Shamrock Paving, Inc.*, 189 Wn.2d 733,

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 3

745 n.2 (2017). At the same time, MTCA serves a broad remedial purpose, and a fee award is not unreasonable merely because it exceeds the amount of the monetary judgment. *Dash Point Vill. Assocs. v. Exxon Corp.*, 86 Wn. App. 596, 612 (1997).

### IV.    DISCUSSION

**A.    Plaintiff is entitled to a substantial fee award**

Plaintiff is the prevailing party. It established Exxon's liability under MTCA, recovered half of its past remedial action costs, and obtained a declaration that Exxon is liable for future remedial action costs incurred in compliance with MTCA. That relief has value. It also advances MTCA's purpose of encouraging private parties to investigate and pursue cleanup of contaminated property.

The Court also recognizes that this was a technically complex environmental case. Plaintiff's counsel represents that the case required substantial document and expert discovery, work with environmental consultants, review and production of more than 14,000 pages of materials, preparation for eight depositions, motions in limine, trial preparation, trial presentation, and post-trial proposed findings and conclusions. *See* Dkt. 70, Steding Decl. ¶¶ 8–13. Plaintiff also submitted the declaration of Lynn Manolopoulos, an experienced environmental attorney, who opines that Plaintiff's attorneys' rates and the general level of effort were reasonable for a complex MTCA matter. Dkt. 71, Manolopoulos Decl. ¶¶ 2–12. The Court credits those submissions to the extent they show that this was not a simple case and that Plaintiff's counsel performed substantial work to obtain the relief awarded.[1]

---

[1] Exxon argues that the Court should discount Ms. Manolopoulos's opinion because she practices at Davis Wright Tremaine LLP with the spouse of one of Plaintiff's attorneys. The Court is aware of the asserted relationship and has considered it in evaluating the weight of her declaration.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 4

The Court further concludes that the hourly rates charged by Plaintiff's counsel are generally reasonable for this type of litigation. Northwest Resource Law, Plaintiff's counsel's law firm, charged rates ranging from $425 to $595 for partners, $325 to $450 for associates, and $200 to $340 for paralegals. Steding Decl. ¶¶ 14–16. Exxon challenges those rates and submits declarations from its counsel identifying lower rates charged by Exxon's attorneys and paralegals. *See* Dkt. 73, Bulthuis Decl. ¶¶ 12–17; Dkt. 74, Myers Decl. ¶¶ 5–8. The Court has considered those objections. But the relevant question is not whether Exxon's counsel charged lower rates; it is whether Plaintiff's counsel's rates fall within the range of prevailing market rates in this community for comparable work performed by attorneys and paralegals of comparable skill, experience, and reputation. *See Bowers*, 100 Wn.2d at 597; *Chuong Van Pham v. City of Seattle*, 159 Wn.2d 527, 538–39 (2007); *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). On the present record, the Court is not persuaded that a rate reduction is warranted.

**B.      The requested award must be reduced to reflect Plaintiff's limited success**

Although Plaintiff prevailed, the Court does not agree that Plaintiff achieved the type of complete or highly significant result that would justify shifting the full $1,159,641.21 requested. Plaintiff sought to allocate 82% of its past remedial action costs to Exxon. The Court instead allocated those costs equally. Plaintiff also sought an allocation of responsibility for future cleanup costs, which represented the principal forward-looking dispute in the case. The Court declined to make that allocation. The Court did so not as a matter of discretion untethered from the merits, but because the record was materially incomplete. The scope of future cleanup remains unknown; Ecology has not meaningfully engaged regarding the required remedy; no feasibility study has been completed; no cleanup action plan has been developed; and the full

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 5

extent of contamination has not yet been delineated. Dkt. 67. Thus, the declaratory judgment establishes that Exxon is liable for future MTCA-compliant remedial action costs. But it does not determine what cleanup will be required, what that cleanup will cost, what share of those costs Exxon must bear, or whether the parties' relative responsibility will remain the same once the remedial investigation is complete and Ecology has been engaged. Those questions were necessarily left for another day due to the gaps in the evidentiary record.

Plaintiff relies on *Dash Point* and *Taliesen* to argue that a disproportionate fee award is appropriate because Plaintiff obtained both past-cost recovery and declaratory relief. The Court agrees that those cases preclude a mechanical reduction based solely on the disparity between the amount of fees requested and the amount of damages recovered. But they do not require the Court to award the full lodestar regardless of the degree of success obtained. Both cases recognize that the result obtained matters, and Washington law permits the Court to adjust a fee award to reflect limited success. *Taliesen*, 135 Wn. App. at 144–45; *Brand*, 139 Wn.2d at 666–67; *Douglass*, 189 Wn.2d at 745 n.2. Here, Plaintiff's success was real but incomplete. Plaintiff obtained a monetary judgment and a declaration of future liability on Exxon's part, but it did not obtain the future-cost allocation it sought. The most consequential remedial questions remain unresolved because the record was not sufficiently developed to answer them. Under these circumstances, awarding the full amount requested would not reasonably reflect the relief obtained.

**C.      A substantial across-the-board reduction is appropriate.**

The Court has reviewed the billing records and the parties' competing declarations. Plaintiff's counsel states that it exercised billing judgment by discounting rates, excluding certain

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 6

duplicative time, excluding time spent on unsuccessful motions in limine, and removing time for an attorney who provided trial support but did not actively participate. Steding Decl. ¶ 2. Those reductions are appropriate.

At the same time, the total request remains excessive in light of the limited success obtained. Plaintiff seeks more than $1.15 million in fees and costs after obtaining a $166,316.30 judgment, a 50/50 allocation of past costs, and declaratory relief that leaves allocation of future cleanup costs unresolved. The Court does not reduce the award merely because the requested fees exceed the monetary judgment. As stated above, MTCA may support fee awards that exceed the damages recovered where the result obtained justifies that award. But the Court must still ensure that the amount awarded is reasonable in relation to the litigation as a whole and the relief actually obtained.

The Court also finds that reduction is warranted based on the size of the fee petition work and the difficulty of assessing certain block-billed entries. Exxon identifies concerns regarding block billing, duplication, and fees incurred preparing the fee motion. Bulthuis Decl. ¶¶ 20–24, 37–39. Plaintiff disputes Exxon's characterization and argues that Exxon failed to identify specific entries with sufficient precision. Dkt. 77, Steding Second Decl. ¶¶ 18–20. The Court agrees with Plaintiff that Exxon's objections do not justify the sweeping reductions Exxon proposes. But the Court also concludes that the fee-petition work and block-billed entries reinforce the need for an overall reasonableness reduction, particularly where the requested award substantially exceeds the degree of success achieved.[2]

---

[2] The Court is particularly troubled by Plaintiff's fees-on-fees request. Plaintiff's opening motion states that it incurred $78,720.76 to prepare the fee motion and supporting materials, including time billed by Northwest Resource Law and Ms. Manolopoulos. Dkt. 69 at 6; Steding Decl. ¶¶ 11, 20–21. Exxon calculates the amount as $86,785.26 when March

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 7

Balancing these considerations, the Court concludes that a 50% reduction is appropriate. This reduction recognizes Plaintiff's prevailing-party status, the complexity of the case, the public purposes served by MTCA, and the value of the relief obtained. It also accounts for Plaintiff's limited success, the absence of any future-cost allocation, the unresolved scope and cost of future cleanup, and the need to ensure that the fee award remains reasonable. The Court therefore awards Plaintiff 50% of the requested fees and costs, or $579,820.61.[3]

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees and costs, Dkt. 69, is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded $579,820.61 in reasonable attorneys' fees, expert fees, and litigation costs under RCW 70A.305.080.

Dated this 3rd day of June 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

and April fee-petition entries are included, representing 152.2 hours across five timekeepers to prepare an eleven-page motion and two declarations. Dkt. 72 at 13–14; Bulthuis Decl. ¶ 37. Although fees incurred in preparing a fee petition may be recoverable, *see Costanich v. Dep't of Soc. & Health Servs.*, 164 Wn.2d 925, 933 (2008), the Court must still determine whether those fees are reasonable. Given the amount at issue, the limited success obtained, and the relatively straightforward nature of the fee issues presented, the Court finds the fees-on-fees request excessive and considers that excess as part of its overall reduction.

[3] Exxon also argues that the requested award should be reduced because Plaintiff allegedly failed to improve on Exxon's April 2025 settlement position. Plaintiff responds that Exxon's argument improperly relies on protected mediation communications and violates the parties' mediation agreement, Washington law, ER 408, RCW 7.07.030, and Local Civil Rule 39.1. The Court need not resolve the parties' dispute regarding the admissibility or propriety of Exxon's references to settlement communications as the Court does not rely on those communications in determining the amount of the fee award. As stated above, the Court's reduction is based on the relief obtained, the Court's own findings regarding the undeveloped state of the record, the unresolved nature of future cleanup and allocation issues, and the reasonableness of the fees and costs requested.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS

- 8